**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEBRA A. ODOM,**

      **Plaintiff,**

**v.**                                                                                 **Case No. 8:06-cv-1345-T-TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**[1]

      **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Consent Petition for Attorney**

**Fees** (Doc. 18).  By Plaintiff's certification, the Commissioner does not object to the fees and

costs requested herein.  Upon review of the pleadings, it is ordered that Plaintiff is awarded

$2,991.50 in attorney's fees and $380.00 in costs.[2]  This amount is to be paid pursuant to the

Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412.

I.

Plaintiff filed applications for Social Security disability benefits and Supplemental

Security Income payments, which were denied initially and upon reconsideration.  The ALJ

---

[1]Michael J. Astrue became Commissioner of Social Security on February 12, 2007.
Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should
be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

[2]Plaintiff requests reimbursement of the $350.00 filing fee and the $30.00 fee for
service of process on the U.S. Attorney.

conducted a hearing and denied Plaintiff benefits, and the Appeals Council denied review.

Subsequently, the Plaintiff filed this action seeking judicial review.  On February 26 2007,

after Plaintiff filed her memorandum in opposition to the Commissioner's decision, the

Commissioner filed an unopposed motion to remand (Doc. 15).  Thereafter, the court granted

the motion (Doc. 16), and Judgment in favor of Plaintiff was entered on February 28, 2007.

(Doc. 17).


II.

   The EAJA requires a court to award attorney's fees and costs to any party prevailing

in litigation against the United States including proceedings for judicial review of agency

action, unless the court determines that the position of the United States was substantially

justified or that special circumstances exist that make an award unjust.  28 U.S.C.

§ 2412(d)(1)(A).  Three conditions must be established before an award under the EAJA is

appropriate.  First, the claimant must file a timely application for fees.  This requires the fee

application to be filed within thirty days of the final judgment.  Second, the claimant must

qualify as the prevailing party.  Third, the government's positions must not be "substantially

justified" and no other special circumstances exist to make an award unjust.  Myers v.

Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

   The first requirement, that the fee application be filed within thirty days of the final

judgment, is jurisdictional in nature.  See 23 U.S.C. § 2412(d)(1)(B); Myers, 916 F.2d at 666

(citing Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1494 (11th Cir.), vacated in part on

other grounds on reh'g, 804 F.2d 1573 (11th Cir. 1986)).  A "final judgment" is one that is no

longer appealable.  See 28 U.S.C. § 2412(d)(2)(G); Melkonyan v. Sullivan, 501 U.S. 89

(1991).  Since a judgment is no longer appealable sixty days after entry of judgment in Social

Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file

for EAJA fees.  See Fed. R. App. P. 4(a); Myers, 916 F.2d at 672.  Here, judgment is now

final and Plaintiff's motion for fees is ripe for consideration.

In a Social Security action, a party who wins a remand order pursuant to sentence

four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C.

§ 2412(d)(1)(A).  Shalala v. Schaefer, 509 U.S. 292 (1993).  Because this court remanded

Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under Schaefer, is

the prevailing party.  Furthermore, upon consideration, the government's position was not

substantially justified in this case, and the Commissioner does not contend otherwise.

Therefore, an award of fees under the EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended

and the hourly rate.  Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The

starting point for determining a reasonable fee award is multiplying the number of attorney

hours reasonably expended by a reasonable hourly rate.").  The EAJA provides:

> the amount of fees awarded under this subsection shall be
> based upon prevailing market rates for the kind and quality
> of the services furnished, except that . . . (ii) attorney fees
> shall not be awarded in excess of $125 per hour unless the
> court determines that an increase in the cost of living or a
> special factor, such as the limited availability of qualified
> attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412(d)(2)(A); see also Meyer v. Sullivan, 958 F.2d 1029, 1034 (11th Cir. 1992)

("Congress undoubtedly expected that the courts would use the cost-of-living escalator to

insulate EAJA fee awards from inflation."). Here, Plaintiff seeks a fee totaling $3,151.11

based on 19.3 hours worked at an enhanced rate of $161.85 for hours worked in 2006 and at

$163.37 for hours worked in 2007.[3] Plaintiff does not provide a basis for calculating these

enhanced hourly rates but the court assumes that it is based on a calculation of cost of living

increases from the 1996 EAJA amendments to the time the work was performed.

Determining the prevailing market rate for work of this type during the relevant time

period is not so easily determined. In this court's experience in handling hundreds of Social

Security appeals, fee applications under the EAJA for work performed in 2006 typically seek

hourly rates ranging from $125.00 to in excess of $150.00 per hour. Very competent counsel

performing this type legal work routinely seek only $125.00 per hour for their services. While

others may find their services under the EAJA to be more valuable, competent counsel are

available to provide these services at an hourly rate less than that which the Plaintiff here

seeks. The availability of qualified attorneys at the lower hourly rate militates against a higher

fee. On the other hand, Social Security counsel perform a valuable service to often needy

individuals in dire circumstances.

Upon consideration, the court finds that increases in the cost of living justify

enhancement of the $125.00 hourly rate established by the EAJA. Recognizing that there has

been some increase in the cost of living since the court last increased the hourly rate it grants

---

[3]Plaintiff's counsel, Sarah H. Bohr, seeks compensation of 17.3 hours at the rate of $163.37 per hour for the work she performed in this case in 2007. She also seeks 0.7 hours at the same hourly rate for the time expended on Plaintiff's case by David S. Simon, an attorney in the same firm, as well as 1.3 additional hours at the rate of $161.85 per hour for work performed by Mr. Simon in 2006. By the court's calculation, counsel seeks fees totaling $3,151.07.

in these cases and given its discretion in these matters, this court previously approved an

enhanced rate of $138.00 per hour in 2001, see George v.Massanari, Case No. 8:00-cv-369-T-

TBM (M.D. Fla. June 22, 2001); $147.00 per hour from June 2003 forward, see Phillips v.

Barnhart, Case No. 8:03-cv-949-T-TBM (M.D. Fla. Dec. 17, 2004); and $155.00 per hour

from 2006 forward, see Brown v. Astrue, Case No. 8:06-cv-320-T-TBM (M.D. Fla. May 3,

2007).  Here, Plaintiff's counsel performed a total of 19.3 hours of work in 2006 and 2007.

See (Doc. 18 at 2).  In light of this court's previous rulings regarding enhanced fees in Social

Security cases, Plaintiff's counsel is entitled to an hourly rate of $155.00 for work performed

in this case.  The total hours expended by Plaintiff's counsel are reasonable.

Accordingly, **Plaintiff's Consent Petition for Attorney Fees** (Doc. 18) is

**GRANTED** to the extent set forth herein.  Plaintiff's counsel is awarded attorney's fees in the

amount of $2,991.50 and costs in the amount of $380.00.

**Done and Ordered** at Tampa, Florida, this 8th day of May 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

5